## JOHN WILLIAMS *vs.* THOMAS B. MURPHY.

### *Error from Madison Circuit Court.*

Where a review is sought of the matters of a decree in chancery, in the absence of error obviously on the face of the former decree, there must be new and material matter pressing upon it, which has arisen, or been discovered at too late a period to have been made available, by proper diligence on the former hearing, to entitle a party to redress. But where the directions of a former decree have not been complied with, according to a just interpretation of their object and intent; or if a material matter might have been adjusted by the former decree, and was supposed to have been done, but by the artifice or evasion of the party complained of, has been omitted, or defeated—these are proper subjects of review, and chancery will interfere.

In this case, Thomas B. Murphy filed his bill for review and injunction, against John Williams; alleging that sundry matters in controversy between these parties, had been referred, with the proceedings on a former bill, filed by him, Murphy, to arbitration; that an award was rendered, and by agreement, made the decree of the court, that Murphy should pay to Williams the sum of eight hundred dollars; and that Williams should place in the hands of a person designated for that purpose, certain notes and accounts due to the firm, to be collected for their joint benefit: that at the time of the said arbitrament and decree, Williams had induced the complainant to believe that all the debts for which he was liable as a partner, had been paid, but that he afterwards discovered that a debt of three hundred dollars to be collected by the firm for a person in Philadelphia, still remained unpaid against him; having been received by Williams, and applied to his own use: that Williams had not transferred over the notes and accounts due to the firm, as

before decreed, but had fraudulently conveyed his property, and was a resident of another state. He therefore prayed a review and modification of the former decree, and an injunction against the collection of the sum previously decreed against him. On a final hearing of the cause, on the bill, answer, and exhibits, it was ordered and decreed that the injunction be rendered perpetual as to the collection of three hundred dollars, which final decree, Williams now brings into this court, on assignments of error.

Williams<br>vs.<br>Murphy.

S. PARSONS, for Plaintiff.

HOPKINS, *contra*.

By Mr. Justice SAFFOLD :

This cause having been submitted, without argument, on voluminous documents, few of which are entitled to influence in the decision, such only will be noticed as are considered material to the present determination.

This bill having been filed by Murphy, alleges, among other things, that the matters in controversy, which related to the settlement of the partnership transactions between these parties in Kentucky, so far as the facts were then known, were referred, with all the proceedings, on a former bill filed by him, to arbitration—hat this was under an agreement and submission, that the award to be rendered should be made the basis of the decree in said chancery suit; that accordingly it was awarded, and thereupon decreed, that Murphy should pay to Williams (besides the amount of a judgment which had been enjoined) eight hundred dollars ; and that the latter should deliver to Samuel McKee, of Kentucky, or such other person as he should designate, all notes and accounts due to said firm, amounting to thirty-seven hundred dollars, (according to an exhibit made by Williams in this suit,) to be collected by said McKee, or such other person, for the joint benefit of both partners ; that at the time

of said arbitrament and decree, the complainant Murphy, was induced by Williams to believe, that all the debts for which he was liable, as a partner, had been paid, but he afterwards discovered that a considerable amount remained unpaid, for which, he, as one of the firm, would be ultimately liable. He charges, that a debt of about three hundred dollars, collected by the firm for S. Tams of Philadelphia, which was received by Williams and applied to his own use, and not carried to the credit of the late firm, remained thus unpaid (and which is understood to be t. e item on account of which the three hundred dollars, hereinafter mentioned, was enjoined by this bill)—Murphy also charges, that so far as he had been informed, Williams had not complied with the requisitions of the former decree, by delivering over the notes and accounts to McKee, or any other, which as he conceived, was intended by the decree to be performed as a condition precedent to Williams' right to collect the eight hundred dollars, which had been decreed to him as aforesaid. He also alleges his information and belief, that Williams was insolvent, or had so fraudulently conveyed and covered his property, as to bid defiance to the law. He also charges, and makes reliance on the fact, that Williams is a resident of another state, so that should he make further collections, being without the jurisdiction of the court, he complainant would be without remedy. The complainant therefore sought a review of the proceedings in his original bill, and in conjunction with the new matter herein referred to, asks, that the former decree should be so modified as to secure him in the premises, and in the meanwhile, that the collection of the sum previously decreed against him should be enjoined, &c.

. Williams' answer denies the existence of any grounds for a bill of review—insists, there is no palpable error in the face of the original decree, or subsequent discovery of any written evidence of new facts, that would have been material in the trial of the cause prayed to be reviewed—except the alleged insolvency of Williams, and his non-compliance with the de-

cree ; both of which, he says, are utterly false.   He adds, respecting his solvency, that he is able to pay whatever the complainant may be entitled to from him.   He avers, that he had placed all the partnership notes and accounts in the hands of McKee, exhibiting a schedule thereof, amounting to something over the thirty-seven hundred dollars aforesaid—but that McKee being much engaged in other business, and about to leave Kentucky, he had deposited said notes and accounts with him, Williams, requesting, that during his absence, he would safely keep and endeavor to collect them, both of which he had done.   He admits, that the debt alleged to be due to Tams, still remained due, and says he would thank Murphy to pay it ; that the greater portion of the debts and accounts due, he cannot hope to collect, &c.

At a subsequent term, a hearing was had on the bill, answer, and exhibits, when the injunction was dissolved, and by consent of parties, the cause was set down for final hearing, with leave to take testimony.   At a still later term, it having been made appear to the court, that McKee, the former receiver, as aforesaid, was dead, the court appointed H. Owsley in his stead, and ordered, that Williams should put in his possession the unsettled notes and accounts due the firm, or that he should execute to Murphy a bond with surety for the faithful application of the debts he might collect—which latter was done.   At the October term, 1830, on a final hearing, on bill, answer, and exhibit, it was decreed, that the injunction be rendered perpetual as to the sum of three hundred dollars, and that the complainant recover his costs.

It is sufficient to notice such only of the assignments of error, as bring into review this final decree.

So far as this is to be regarded merely in the light of a bill of review, the principles as recognised in the case of *Caller & Malone*, and in *Bradshaw, Adm'r*, and *Garrett and Wife*, decided in this court, are justly applicable to this case also.   In the absence of error obviously on the face of the for-

mer decree, there must be new and material matter pressing upon it, which has arisen, or been discovered at too late a period to have been made available by proper diligence on the former hearing. If, however, the directions of the former decree have not been complied with, according to a just interpretation of their object and intent ; or if a material matter might have been adjusted by the former decree, and was supposed to have been done, but by the artifice or evasion of the party complained of, has been omitted or defeated, and which his fiduciary capacity enabled him to effect, chancery is competent to afford redress.

If, by reason of the intimate connection between the subjects of this bill, and the former—rendering reference to the other unavoidable in reaching the merits of this, the present bill has assumed, in some degree, the title or character of a bill of review, when it embraces objects sufficient to sustain an independent bill, it is competent for the court to regard it according to its true nature, and to afford relief so far as the rules of chancery practice will allow. As the hearing in this case has been had on the bill, answer, and exhibits ; and from the nature of the facts, they are presumed to be perfectly within the knowledge of the defendant, and as he has answered in relation to them, admitting some, or answering evasively respecting them, and denying others, but requiring no proof of any, the allegations of the bill are to be taken as true, except so far as denied. One of the main objects of the present bill was to obtain indemnity, by means of the injunction on the eight hundred dollar decree, against the debt due to Tams, which, as is alleged, Williams had induced the complainant to believe had been paid previous to the former decree. The arbitrament and decree appear to have proceeded on the supposition that this payment had been made; and from the admitted nature of the debt, and the situation of Williams, he being the partner to whom had been entrusted the settlement of the concern, it was incumbent on him to have made the payment, and this should have been

done out of his individual funds. He does not pretend to deny the allegation, that the money received, which created the liability, though charged to the firm, was applied to his own individual use. He admits, that it remained unpaid, and does not deny but that it is a just demand against himself individually, but for which the complainant remains equally responsible to Tams ; nor does he aver, that there was any express determination by the award, or previous decree, concerning it, or deny that he pretended it was paid. It is also to be observed, that the pretended performance of the original decree, in respect to transferring the collection of the notes and accounts to another, bears the aspect of evasion. It does not appear that McKee, or any other than Williams, ever entered on the execution of this trust ; but that there may have been a formal delivery and re-delivery of the papers between Williams and McKee, the cause for which, as stated in the answer, was, that McKee had not sufficient leisure, and was about to be absent from Kentucky, so that in fact there was no transfer of the *trust* from Williams, who had been declared an improper person to exercise it. The cause assigned for the failure was insufficient in its nature, and in the contemplation of the chancellor who ordered the change. The transfer was directed to be made to McKee or such person as he might appoint—a faithful observance of the requisition would at least have suggested to Williams the propriety of proposing to McKee to designate a different person, as authorised by the order, and which it may be presumed he would have done. As respects Williams' alleged insolvency, his answer is not entirely satisfactory. Though he denies it by a general negation, and says that he will be able to pay any amount that the complainant may be justly entitled to recover of him, this is not an averment of an ability to pay what the complainant alleges to be due. He does not answer the charge of having conveyed and covered his property in order to secure him; nor does it follow from the averments of the answer, that Williams was, at the time, a

Williams
vs.
Murphy.

safe receiver of the amount due on the schedule of accounts, as exhibited by him ; for if it be true, as he says, that the larger portion thereof is not likely to be recovered, still the amount to be received, might be twelve or fifteen hundred dollars, one half of which would belong to complainant, after being indemnified against the Tams debt. It is also to be observed, that under the proceedings in this bill, a bond with surety has necessarily been taken from Williams, for a faithful application of the moneys to be collected by him, which being a part of the object of the bill, gives to it an additional claim to the sanction of the court. In this view also, may be regarded the consent of Williams, after the dissolution of the injunction granted upon it, to set down the cause for final hearing. But the final decree goes further than the object of indemnifying the complainant requires. It perpetually enjoins the collection of three hundred dollars of the amount of the decree against Murphy, as though he had paid the debt to Tams, which was equitably due from Williams alone, such not being the state of the case, but, so far as the record shows, the debt yet exists against both the parties, the complainant can be sufficiently indemnified by a qualified or temporary injunction, until discharged from this liability—and to this, under all the circumstances, I consider him equitably entitled.

It is therefore considered, that the decree rendered below should be so amended, as to enjoin the collection of the three hundred dollars only, until the clerk of the Circuit Court, acting as master in chancery, shall receive satisfactory evidence of the payment by Williams of the debt due to Tams, as aforesaid ; or until he, Williams, gives bond and surety, residing in Madison county, to be approved of by said clerk and master, to indemnify said Murphy against all future liability on account thereof ; and that Murphy pay the costs of this court. This is the decision of the court.